**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**ANTHONY CAIN** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 5:26-CV-P170-CRS**

**US SOCIAL SECURITY ADMINISTRATION *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Anthony Cain, formerly known as Jeffery Johnson, filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Calloway County Jail (CCJ). He sues U.S. Social Security Administration, SSI, SSDI, State of KY, President Trump, FBI, DEA, CIA, Calloway County, and U.S. Navy.

Plaintiff states that he is "in imminent danger and in extreme pain as a pretrial detainee in CCJ." He maintains, "The defendants have shut of my social security check that is not the correct amount anyway I was only getting 890 and they are stealing my money & retirement from building inspector & augzillery deputy on the sherriff from all the way back with sherriff Bill Marchum & Percy." He asserts, "They illegaly as now used my body cam implant to do these jobs using me & my knowlage and Im in the jail in extreme pain being denied my real retirement & dishability checks." He continues, "The defendants all & together are acting with delebrate indifferance to my health safty & serious medical needs as I suffer from spinal cord injurys in extreme from my service to the defendants & this country."

Plaintiff further maintains, "The defendant have in fact used me on classified missions my entire live the defendants mission as takeing New Orleans from Tom Benson & taking out Duke Energy sending me in to go through the filing cabnits just months before the fall of Enron while the defendants keep me homeless." He also states as follows:

> Im denied access to my trust accounts in the banks and torture me in pain in CCJ the defendant have a policy to protect & serve & have taken a oath not to do harm and to protect this country against all enemeys foran & domestic Im 55 yrs old and told my family history is in the presidents book of secrets the defendants violating their policys is the moving force behind my injurys & pain as the defendants act as agents of KY & US goverment & Calloway County. And under the color of law Im a admiral in the US Navy with a classified military record and worked for CIA FBI DEA in opperations such as Chaseco auto transport ah company I own Chaseco Inc. named after my twin sons Chase as in Chase Bank my real name is Anthony Degeorge Admiral Anthony Degeorge call sign "Casper" & FBI code name the "Saint" my 1 2 3 4 5 6 7 8 9 10 11 12 13 14th Amendment rights & liberty intrest have been violated the defendants are trying to kill me to steal my money & family fourtune & my milatary retirement in access of 30 grand a month my forturen that came from Europe as in the National Treasure movie Im air to the throughn in Europe my blood line was kidnapped by the mason when they fled Europe & kidnapped the king.

Plaintiff further asserts, "The defendant are reading the text from my cellular body cam implant on their phone & computers in the jail attached to social security # & drivers lic number gang stacking me and trying to kill me." He also states, "The defendant have went so far as to kidnapp & march the church girls out my church at Glendale at Murray KY & rape & sodomizy them trying to break me & steal my money using Sgt Justin Swope to hurt & kill my church family."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are . . . claims of infringement of a legal interest which clearly does not exist[.]" *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an

action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328)).

## III. ANALYSIS

### *A. Social security benefits*

Plaintiff appears to be suing the Social Security Administration to be awarded benefits or a change to his benefits. However, this Court lacks jurisdiction to address such a claim. Judicial review of Social Security decisions is governed by 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). Two elements are required to establish federal jurisdiction to review the decisions of the Commissioner of Social Security: (1) exhaustion of administrative remedies and (2) a final decision issued by the Commissioner of Social Security. *See Pohlmeyer v. Sec'y of Health and Human Serv.*, 939 F.2d 318, 320 (6th Cir. 1991) (citing *Mathews v. Eldridge*, 424 U.S. 319, 327-29 (1976)).

The complaint gives no indication that Plaintiff has complied with the necessary steps to invoke the Court's jurisdiction over his claim. He does not allege that the Commissioner issued a final decision or that he exhausted his administrative remedies. Nor does the complaint set forth any other indication that Plaintiff followed the proper procedural steps before filing this action. Accordingly, Plaintiff's claim against Defendant U.S. Social Security Administration

and any other Defendants regarding his social security benefits will be dismissed for lack of subject-matter jurisdiction.

### ***B. Due process***

While unclear, Plaintiff may also be alleging that personnel at the CCJ are taking all or part of his social security payments. The Court construes this as alleging a deprivation of his personal property in violation of the Due Process Clause. The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss or destruction of personal property does not state a claim cognizable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 533, (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981) (*rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). To assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt*, 451 U.S. at 543-44. The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the court held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has held that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). Thus, because Plaintiff has adequate state law remedies for the alleged loss of his property, he fails to state a constitutional claim upon which relief may be granted.

### ***C. Deliberate indifference***

Plaintiff also alleges that he is in imminent danger and extreme pain and asserts, "The defendants all & together are acting with delebrate indifferance to my health safty & serious

medical needs as I suffer from spinal cord injurys in extreme from my service to the defendants & this country." The allegations are conclusory and too lacking in factual specificity to state a claim. *See Iqbal*, 556 U.S. at 678 (complaint not suffice "'if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557).

Moreover, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). A plaintiff "must state a plausible constitutional violation against each individual defendant – the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012). Because the above allegations do not specify which Defendant, if any, subjected him to deliberate indifference, the allegations are insufficient to support a claim. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of § 1983 claim for or failure to state a claim against defendants in their individual capacity where plaintiff did not allege which of the named defendants were personally responsible for the alleged violations of his rights); *Lister v. Allen Oakwood Corr. Inst.*, No. 3:19-cv-1583, 2020 U.S. Dist. LEXIS 40093, at *7-8 (N.D. Ohio Mar. 9, 2020) (dismissing claims where the plaintiff generically alleged unconstitutional actions were committed by "Defendants" or "they" for failure to specify which defendant or defendants violated the plaintiff's rights).

Therefore, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### *D. Remaining claims*

Plaintiff's remaining claims, including that he has a body camera implant which Defendants are reading, that he was used in classified missions and was a Navy admiral, that he is being denied access to bank accounts, that Defendants violated his constitutional rights and are trying to kill him and steal his money, family fortune, and military retirement, and that Defendants assaulted girls to "break" him and steal his money, do not assert coherent factual allegations to support a valid legal claim. Instead, the allegations are "comprised of exactly the type of 'fantastic' and 'delusional' factual allegations that warrant dismissal for frivolousness." *Brantley v. United States Gov't*, No. 3:23-cv-278-RGJ, 2023 U.S. Dist. LEXIS 184389, at *5 (W.D. Ky. Oct. 13, 2023).

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that these allegations meet this standard, as well.

## IV. CONCLUSION

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: November 21, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.010